IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| DAMEON BROME | : | No. 07-MC-190 |
| | : | |
| | : | |

## MEMORANDUM AND ORDER

Before the court is Petitioner Dameon Brome's <u>pro se</u> Praecipe to Enter Default Judgment (Docket No. 1).  For the reasons that follow, the court denies without prejudice all relief sought in Defendant's Praecipe.  The court observes that the Praecipe may be an attempt to petition the court for a writ of habeas corpus and provides Petitioner with an opportunity to refile his Praecipe as a petition for habeas corpus or to file a complaint to initiate another type of civil action in this court pursuant to the Federal Rules of Civil Procedure Praecipe.  The court's Order shall not be construed as an expression of approval of Defendant's claims or requests for relief.

Petitioner is an inmate at Greene County Correctional Facility in Waynesburg, Pennsylvania.  In his Motion and the attached documents, Petitioner apparently seeks to challenge his state criminal indictment, conviction, and/or sentence on multiple grounds. Petitioner requests this court enter a default judgment against the Philadelphia District Attorney's Office, Pennsylvania Administrative Judge W. Keogh, and the Prothonotary of the Supreme Court of Pennsylvania for failure to file an answer to various documents Petitioner alleges he served upon them.  Those documents, which are attached to the instant Praecipe, are Petitioner's Proposed Settlement Agreement Establishing Facts in the Nature of Request for Discovery ("Settlement Agreement"), Notice of Default and Opportunity to Cure, and Certificate of Non

Response.  Petitioner claims that the aforementioned parties are in full acceptance and agreement to the facts expressed in the Settlement Agreement because of their alleged default.  In the Settlement Agreement, Petitioner claims, <u>inter alia</u>, title and ownership of the "vessel" identified as Dameon Brome.  He also references the action "Commonwealth v. Dameon Brome 8711-296" and claims the Commonwealth of Pennsylvania created a fictional charge against the vessel and fraudulently received title and ownership of the vessel.

1.      <u>The Writ of Habeas Corpus Generally</u>

        The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA" and codified as 28 U.S.C. §§ 2241-2266) deals with the right of all persons in state or federal custody to file a petition in a federal court seeking the issuance of a writ of habeas corpus. If such a writ of habeas corpus is issued by a federal court, the prisoner will be released from either state custody or federal custody (as the case may be) on the grounds that his rights guaranteed by the United States Constitution, and/or by a federal law, and/or by a treaty entered into by the United States, have been violated; habeas corpus motions pursuant to AEDPA are the **only** possible means of obtaining this type of relief from state custody. [1]

        In cases involving prisoners in state custody, AEDPA, if it applies at all, provides for relief by means of 28 U.S.C. § 2254 (in some factual situations), or by means of 28 U.S.C. § 2241 (in other factual situations).  Relief pursuant to 28 U.S.C. § 2254 is limited by the terms of

---

        [1] <u>Benchoff v. Colleran</u>, 404 F.3d 812 (3rd Cir. 2005); <u>Coady v. Vaughn</u>, 251 F.3d 480 (3rd Cir. 2001).

28 U.S.C. § 2254 itself to a constitutional[2] attack on the imposition, and/or the execution,[3] of a state conviction and/or a state sentence, made by a person in custody,[4] which may only be filed after the state conviction has been imposed.[5]  Because in federal jurisprudence, a more specific statute takes precedence over a more general statute, and because § 2254 is more specific than § 2241, a state prisoner may only rely on § 2241 if the matter does not fall under § 2254.[6]  A grant of relief pursuant to 28 U.S.C. § 2241 in cases involving state custody is therefore limited to an attack on state custody that is constitutional in nature, and that is made before the imposition of the state conviction.

By means of AEDPA, Congress also created a series of intentionally restrictive gate-keeping conditions which must be satisfied for a prisoner to prevail in his petition seeking the issuance of a writ of habeas corpus.  The strict AEDPA gate-keeping procedures were enacted by Congress in order to support the policy of creating finality with respect to state and

---

[2] For the purpose of brevity, the court will use the term "Constitutional" to refer not only to attacks based on alleged violations of the U.S. Constitution, but also to attacks based on any asserted federal collateral grounds for relief from custody, such as alleged violations of federal statutes and treaties involving the United States, or an alleged lack of jurisdiction by the sentencing court.  Where there is an attack on state custody which does not involve a Constitutional argument, there is no right to habeas corpus relief, and, assuming that petitioner's appeals in state court are exhausted, the proper remedy lies in filing a petition with the state's Governor seeking executive clemency.  Herrera v. Collins, 506 U.S. 390(1993).  Although Herrera is a pre-AEDPA case, it remains valid law after the enactment of AEDPA.  See Ruiz v. USA, 221 F.Supp.2d 66 (D.Mass. 2002), aff'd, 339 F.3d 39 (1st Cir. 2003).

[3] Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

[4] Spencer v. Kemna, 523 U.S. 1 (1998).

[5] Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

[6] Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

federal criminal prosecutions.[7]  One such intentionally restrictive gate-keeping condition is

AEDPA's **strict and short statute of limitations**, created by 28 U.S.C. § 2244(d).  Another such

intentionally restrictive gate-keeping condition is AEDPA's "**second or successive rule**," created

by 28 U.S.C. § 2244(b), which generally forbids a litigant from filing a § 2254 habeas if that

litigant had at least one previous § 2254 habeas (attacking the same state conviction and/or

sentence) that was "dismissed after adjudication of the merits of the claims presented,"[8]  which

means:

> I.      a dismissal after a consideration on the merits;[9] or,
>
> II.     a dismissal on the grounds of the statute of limitations;[10] or,
>
> III.    a dismissal on grounds of procedural default.[11]

Pursuant to the language of 28 U.S.C. § 2244(b) itself, the AEDPA "second or successive rule"

applies to 28 U.S.C. § 2254 petitions.  The AEDPA "second or successive rule" does not apply to

28 U.S.C. § 2241 petitions.[12]  Pursuant to AEDPA's second or successive rule, before a second

---

[7] Woodford v. Garceau, 538 U.S. 202 (2003); Duncan v. Walker, 533 U.S. 167 (2001);
Crews v. Horn, 360 F.3d 146 (3rd Cir. 2004).

[8] Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

[9] Dunn v. Singletary, 168 F.3d 440 (11th Cir. 1999).

[10] Duncan v. Walker, 533 U.S. 167 (2001).

[11] In re Cook, 215 F.3d 606 (6th Cir. 2000) (A 28 U.S.C. § 2254 case is found to be
Procedurally Defaulted where the petitioner in such a § 2254 case previously had the right to file
an appeal of the state conviction and/or sentence involved to a state appellate court but the
petitioner did not, in fact, file such an appeal, and some procedural rule of the state court system
dictates that the time has passed for such a state filing. This principle is based on the concept that
the states are free to impose procedural bars designed to restrict repeated attempts to re-litigate
matters in state appellate courts.  Slack v. McDaniel, 529 U.S. 473 (2000)).

[12] Zayas v. INS, 311 F.3d 247 (3rd Cir. 2002).

or successive 28 U.S.C. § 2254 petition is filed in the district court, the prisoner must first get

permission to file in the district court from the circuit court; without such circuit permission, the

district court lacks subject matter jurisdiction to consider such a habeas petition.[13]

In his praecipe, Petitioner raises multiple claims that allegedly justify relief, including

what appear to be claims that the Commonwealth of Pennsylvania created a fictional criminal

charge against him and that the Commonwealth of Pennsylvania improperly received custody of

him.  Petitioner may be claiming that the rights guaranteed to him under the United States

Constitution have been violated.  In that case, however, it remains unclear whether the Petitioner

seeks to petition the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and/or 28

U.S.C. § 2254.  That relief pursuant to 28 U.S.C. § 2254 may possibly be barred pursuant to

AEDPA's second or successive rule or pursuant to AEDPA's statute of limitations does not

mean that an alternate route to this type of relief is available pursuant to 28 U.S.C. § 2241.[14]

2.    Recharacterization of Petitioner's Praecipe as a Petition for Habeas Corpus

A federal court may recharacterize a motion by a pro se litigant to place it within a

different legal category.[15]  However, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000),

this Court may not re-characterize a pro se motion as a 28 U.S.C. § 2254 petition without first:

1.    notifying the petitioner that the court believes it is really a § 2254 petition

---

[13] Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005).

[14] Okereke v. United States, 307 F.3d 117, 120 (2003); In re Dorsainvil, 119 F.3d 245, 251 (1997).

[15] United States v. Castro, 540 U.S. 375, 381 (2003); In re Wagner, 421 F.3d 275, 277 (3d Cir. 2005).

purporting to be something else; and

2.      warning the petitioner of all of the ramifications of AEDPA (including, but not limited to, the AEDPA statute of limitations, as well as the second or successive rule created by AEDPA);

3.      getting permission from the petitioner to re-characterize the petition as a 28 U.S.C. § 2254 petition; and

4.      informing the petitioner that he also has the option to voluntarily withdraw his submission.

Should Petitioner consent to the recharacterization of his Praecipe as § 2254 habeas petition, then pursuant to Local Civil Rule 9.3(b), and Rule 2 of the Rules Governing 28 U.S.C. § 2254 Proceedings in the United States District Courts, this petition was not filed with the requisite current standard 28 U.S.C. § 2254 form, prescribed by this court, effective December 1, 2004. Aside from the dictate of the aforesaid rules of court, use of this court's current standard form in 28 U.S.C. § 2254 habeas cases is necessary so as to guarantee that the petitioner is made aware of the specific warnings required from this district court at the commencement of any 28 U.S.C. § 2254 habeas case pursuant to USA v. Thomas, 221 F.3d 430 (3rd Cir.2000) (which relates to the strict and short statute of limitations that exists for filing a 28 U.S.C. § 2254 petition); and Mason v. Meyers, 208 F.3d 414 (3rd Cir.2000) (which relates to the strict restrictions on filing a second or successive 28 U.S.C. § 2254 petition) (these specific Thomas and Mason warnings are contained in the introductory text of this court's aforesaid current standard § 2254 form). All district courts within the Third Circuit are required to give petitioners in § 2254 cases these Thomas and Mason warnings at the time of filing, thus this court cannot "waive" the form

requirements of Local Civil Rule 9.3(b).

Although there is no § 2241 form in this district, Petitioner must either apply for leave to proceed in forma pauperis or pay a $5.00 filing fee in both types of habeas petitions that attack state custody.  (In other words, the fee requirement must be satisfied in both § 2254 cases and § 2241 cases.)

Accordingly, this 27th day of May, 2008, it is hereby **ORDERED** as follows:

1.      Petitioner's pro se Praecipe to Enter Default Judgment (Docket No. 1) is DENIED WITHOUT PREJUDICE.

2.      The Clerk of Court shall furnish Petitioner with a blank copy of this court's current standard form for filing a petition pursuant to 28 U.S.C. § 2254, including the in forma pauperis application form for all state habeas cases.

3.      Petitioner shall notify this court within sixty (60) days whether he intends to seek relief pursuant to 28 U.S.C. § 2254 and/or 28 U.S.C. § 2241.  The court will interpret that notification as permission from Petitioner to so characterize, or re-characterize, the Praecipe.

4.      If Petitioner seeks relief pursuant to 28 U.S.C. § 2254, Petitioner shall provide this court with notice of this intent within sixty (60) days.  If Petitioner seeks relief pursuant to § 2254, he shall complete the aforesaid current standard form and return it to the Clerk of Court within sixty (60) days, together in the same envelope with either a completed in forma pauperis application form (including the requisite certification of prison assets signed by a prison official) or, in the alternative, the required five dollar ($5.00) filing fee to the Clerk of Court.

5.      Petitioner is formally placed on notice that if he does complete and return the §
2254 form, that AEDPA's second or successive rule may apply, as fully explained
in the above paragraphs, depending on the final disposition of the merits of his
prior § 2254 habeas actions, docketed in this court as <u>Brome v. Price</u>, 95-cv-4119,
and <u>Brome v. Varner</u>, 97-cv-6616.

6.      If Petitioner seeks relief pursuant to 28 U.S.C. § 2241, Petitioner shall provide this
court with notice of this intent within sixty (60) days.  If Petitioner seeks relief
pursuant to § 2241, he shall either complete and return the <u>in forma pauperis</u>
application form to the Clerk of Court within sixty (60) days (including the
requisite certification of prison assets signed by a prison official) or, in the
alternative, tender the required $5.00 filing fee to the Clerk of Court.

6.      Any 28 U.S.C. § 2254 form or notice of intent to proceed pursuant to 28 U.S.C. §
2241 filed by Petitioner within sixty (60) days shall be deemed filed as of the date
of filing of the instant praecipe.

7.      If Petitioner does not seek to file a petition for habeas corpus and instead wishes
to file another type of civil action in this court, he must file a **complaint**, not a
praecipe, with the requisite $350.00 filing fee or by <u>in forma pauperis</u> allowance
by the court.  Any complaint must satisfy the pleading standards of the Federal
Rules of Civil Procedure and the Local Rules of Civil Procedure.  Federal Rule of
Civil Procedure 8(a) requires that a pleading contain (1) a short and plain
statement of the grounds for the court's jurisdiction;  (2) a short and plain
statement of a claim showing that the pleader is entitled to relief; and (3) a

demand for judgment.

8.      The Clerk of Court shall CLOSE the matter 07-MC-190 for all purposes,

        including statistical purposes.


                           BY THE COURT:


                               S/ James T. Giles
                                          J.